**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF VERMONT**

KEREN SITA

Plaintiff(s),

vs.

CHAMPLAIN HOUSING TRUST,

Defendant(s).

Case No.: 2:26-cv-00193-mkl

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY A FILING INJUNCTION SHOULD NOT BE ENTERED

***PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE***

Plaintiff Keren Sita, proceeding pro se, respectfully submits this Response to the Court's Order to Show Cause dated July 31, 2026, directing Plaintiff to show cause why the Court should not impose an injunction prohibiting her from commencing further actions in this Court without first obtaining leave of Court. For the reasons set forth below, Plaintiff respectfully requests that the Court decline to impose the proposed filing injunction.

**BACKGROUND**

1. Plaintiff Keren Sita hereby files this Response to the Court's Order to Show Cause dated July 31, 2026, and, for the reasons stated herein, respectfully requests that the Court decline to impose an injunction prohibiting Plaintiff from commencing further actions in this Court without first obtaining leave of Court. The Court issued the Order after reviewing Plaintiff's litigation history and expressing concern that certain actions commenced by Plaintiff were repetitive or duplicative and that Plaintiff's prior statements demonstrated an intention to continue pursuing litigation concerning matters previously adjudicated.

2. In its July 31, 2026 Order, the Court considered Plaintiff's litigation history in this District and other courts, including actions arising from common underlying events or involving claims previously presented in other proceedings. The Court further considered statements Plaintiff made

concerning her intention to continue pursuing legal remedies and interpreted certain statements as demonstrating that Plaintiff may continue commencing actions until she receives a favorable result. Based upon these circumstances, the Court ordered Plaintiff to show cause within thirty days why prospective filing restrictions should not be imposed.

3. Plaintiff recognizes the seriousness of the concerns expressed by the Court. Plaintiff respectfully submits, however, that her litigation history should be considered in the context in which those proceedings arose. Plaintiff has proceeded primarily without counsel and has attempted to navigate questions concerning jurisdiction, procedure, available causes of action, and the appropriate forums in which to seek relief. Plaintiff does not contend that her status as a self-represented litigant excuses compliance with the Federal Rules of Civil Procedure, principles of preclusion, or orders of this Court. Rather, Plaintiff provides this context because the purpose of her litigation has been to obtain judicial resolution of claims she believed in good faith were legally cognizable, not to harass opposing parties or unnecessarily burden the judiciary.

4. Plaintiff further recognizes the Court's concern regarding statements she previously made indicating that she intended to continue fighting or pursuing justice. Plaintiff respectfully clarifies that those statements were intended to communicate her determination to pursue whatever lawful judicial remedies remained available to her. They were not intended to communicate that Plaintiff would disregard final judgments, repeatedly commence identical actions, circumvent appellate procedures, or refuse to accept the legal effect of a final adjudication merely because she disagreed with the result.

5. The July 31, 2026 Order has provided Plaintiff with explicit notice of the Court's concerns regarding repetitive or duplicative litigation. Plaintiff understands those concerns and has considered the distinction between legitimately pursuing available legal remedies and commencing a new action that merely attempts to relitigate claims already finally adjudicated. Plaintiff therefore represents that she does not intend to commence new actions merely because she disagrees with the disposition of an earlier action.

6. Going forward, before commencing an action in this Court, Plaintiff intends to determine whether substantially identical claims against the same parties have already been adjudicated; whether

the claims belong in an existing proceeding rather than a new action; whether this Court possesses jurisdiction; and whether the appropriate mechanism for challenging an adverse determination is reconsideration or appellate review rather than commencement of another lawsuit. Plaintiff believes these measures directly address the concerns identified by the Court without requiring the imposition of a prospective filing injunction.

7. Plaintiff also respectfully submits that the circumstances existing after the July 31, 2026 Order are materially different from those preceding it. Plaintiff has now received an express warning from this Court identifying the particular litigation practices that the Court believes may warrant prospective restrictions. Plaintiff has therefore been afforded an opportunity to understand those concerns and modify her conduct accordingly before the extraordinary remedy of a filing injunction is imposed.

8. Plaintiff respectfully submits that a clear judicial warning and demonstrated prospective compliance provide a less restrictive means of addressing the Court's concerns. If Plaintiff were to engage in substantially duplicative or otherwise improper litigation after receiving this explicit notice, the Court would retain its authority to consider appropriate measures at that time. Plaintiff respectfully requests the opportunity to demonstrate compliance before being subjected to a requirement that she obtain judicial permission before commencing future actions.

9. As explained more fully below, Plaintiff respectfully submits that the circumstances do not demonstrate that she is likely to continue abusing the judicial process or harassing other parties. Plaintiff therefore respectfully requests that the Court discharge the Order to Show Cause and decline to impose the proposed filing injunction. In the alternative, should the Court conclude that some prospective restriction is necessary, Plaintiff respectfully requests that any restriction be narrowly tailored to the specific conduct identified by the Court and not unnecessarily restrict Plaintiff's ability to bring genuinely new, nonduplicative claims.

## LEGAL STANDARD

A filing injunction is an extraordinary restriction because it limits a litigant's ability to access the courts. Although federal courts possess authority to protect themselves and other parties from

vexatious litigation, that authority must be exercised carefully, and a litigant must receive notice and an opportunity to be heard before a filing injunction may be imposed.

In determining whether such an injunction is warranted, the Second Circuit directs courts to consider: (1) the litigant's history of litigation, particularly whether it involved vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, including whether the litigant has an objective good-faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or imposed an unnecessary burden on the courts and court personnel; and (5) whether other sanctions would adequately protect the courts and other parties. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). The Court applied these factors in its July 31, 2026 Order.

Importantly, the *Safir* analysis is not resolved merely by counting the number of lawsuits a litigant has filed. The ultimate inquiry is "**<u>whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties</u>**." Id. Thus, the inquiry is prospective and requires consideration of whether the circumstances demonstrate a continuing likelihood of abusive litigation—not simply whether Plaintiff has litigated frequently in the past.

Accordingly, the question before this Court is whether the circumstances, considered as a whole under the *Safir* factors, establish that Plaintiff is likely to continue abusing the judicial process and harassing other parties such that the significant restriction of a prospective filing injunction is warranted.

Plaintiff respectfully submits that they do not.

## <u>ARGUMENT</u>

### I. PLAINTIFF'S LITIGATION HISTORY DOES NOT ESTABLISH VEXATIOUS OR ABUSIVE LITIGATION.

The first *Safir* factor considers whether Plaintiff's litigation history consists of vexatious, harassing, or duplicative lawsuits. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). The ultimate inquiry is not simply how many cases Plaintiff has filed, but whether her history demonstrates that she is likely to continue abusing the judicial process. *Id.*

Plaintiff's litigation history does not establish such abuse. Plaintiff entered litigation with an elementary understanding of civil procedure while developing her legal education. Plaintiff earned an undergraduate degree in law and is now pursuing graduate legal studies. As Plaintiff's understanding of jurisdiction, procedure, and litigation has developed, she has learned from procedural mistakes and attempted to correct them. Making mistakes while learning how to navigate the legal system, and later correcting those mistakes, is materially different from intentionally using judicial procedures to harass another party or abuse the courts.

This distinction is important under *Safir*. There, the Second Circuit upheld restrictions after the litigant had pursued litigation concerning the same underlying events for approximately twenty years, repeatedly asserted substantially the same claims in altered forms, pursued baseless proceedings, and continued despite prior sanctions. *Id.* at 24–25. Plaintiff respectfully submits that her circumstances do not demonstrate that type of sustained abuse.

Plaintiff has pursued litigation because she believed she had legal rights requiring judicial resolution. She has also been required to respond to motions, defenses, and other litigation conduct initiated by opposing parties. The existence of substantial litigation activity therefore does not establish that Plaintiff used the judicial process for the purpose of harassment.

Moreover, the Second Circuit has recognized that, absent extraordinary circumstances such as a demonstrated history of frivolous and vexatious litigation, courts should not prevent litigants from making filings otherwise authorized by the Federal Rules. *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987).

Plaintiff's developing understanding of litigation does not demonstrate a continuing intention to abuse the judicial process. To the contrary, increased legal education has improved Plaintiff's ability to identify procedural errors, understand the proper forum and procedure, and correct mistakes when they occur. Plaintiff therefore respectfully submits that her litigation history does not establish the type of continuing vexatious conduct necessary to support a prospective filing injunction.

Accordingly, the first *Safir* factor weighs against imposing the proposed filing injunction.

## II. PLAINTIFF PURSUED HER CLAIMS WITH A GOOD-FAITH EXPECTATION OF PREVAILING.

The second *Safir* factor considers the litigant's motive in pursuing litigation, including whether the litigant had an objective good-faith expectation of prevailing. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Plaintiff respectfully submits that this factor weighs against a filing injunction.

Plaintiff's actions have arisen from actual events, actual disputes, and alleged injuries for which Plaintiff believed the law provided a remedy. Plaintiff has not fabricated defendants, factual circumstances, or legal disputes for the purpose of creating litigation. Rather, Plaintiff has pursued claims because, based upon her understanding of the facts and law at the time of filing, she believed that she had a legitimate basis for seeking judicial relief.

Plaintiff's legal education further supports the good-faith nature of her litigation. Plaintiff holds an undergraduate degree in law and is presently pursuing graduate legal studies. Her understanding of litigation has developed over time, particularly because Plaintiff has often proceeded without representation by counsel. As her legal knowledge has increased, Plaintiff has identified additional legal theories, refined arguments, and corrected procedural or drafting errors. That development should not be confused with an improper motive to harass defendants.

The Court specifically references *Sita v. Marr*, No. 26-CV-03043. Plaintiff respectfully submits that the circumstances surrounding that matter do not demonstrate bad faith. The filing problem in that action resulted from the wrong document being submitted to and reviewed by the court, rather than the document Plaintiff intended to file. To the extent the court criticized the writing or presentation of that filing as frivolous, Plaintiff submits that such an error reflects a filing or drafting mistake, not an intent to misuse the judicial process.

Plaintiff also acknowledges that some actions may involve defendants or factual circumstances that appeared in prior litigation. However, Plaintiff did not file those matters simply to obtain repeated review of an identical claim. Where Plaintiff asserted different claims or legal theories, she did so because she believed, based upon her developing legal knowledge, that the facts supported legally cognizable grounds for relief. Whether every theory ultimately succeeds is a different question from whether Plaintiff possessed a good-faith expectation of prevailing when she asserted it.

The second *Safir* factor concerns motive. Plaintiff's history demonstrates a persistent effort to obtain judicial relief for disputes she believed were legally actionable, not litigation undertaken for the purpose of harassment. Plaintiff may have made procedural mistakes, asserted unsuccessful arguments, or misunderstood the proper means of presenting particular claims, but an unsuccessful legal position does not, by itself, establish an improper motive.

Accordingly, Plaintiff respectfully submits that she pursued her claims with a good-faith expectation of prevailing and that the second *Safir* factor weighs against imposing a filing injunction.

## III. PLAINTIFF'S PRO SE STATUS DOES NOT SUPPORT IMPOSING A FILING INJUNCTION.

The third *Safir* factor considers whether the litigant is represented by counsel. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Plaintiff has proceeded pro se in many of her legal matters. Her pro se status, however, should not be interpreted as evidence that she intends to abuse the judicial process.

Plaintiff has attempted to obtain legal representation in matters arising in Vermont. Those experiences have not resulted in representation that Plaintiff believed adequately protected her legal interests. Plaintiff therefore did not simply choose self-representation for the purpose of pursuing excessive litigation. Rather, Plaintiff has often proceeded pro se because she concluded that she needed to advocate for her own legal interests when satisfactory representation was unavailable.

Plaintiff's experience with counsel also provides relevant context for the development of her litigation history. Without consistent representation, Plaintiff has been required to learn how to research claims, draft pleadings, respond to opposing counsel, and navigate procedural requirements herself. Plaintiff holds an undergraduate degree in law and is now pursuing graduate legal studies. Her increasing legal education has allowed her to improve her understanding of litigation and correct mistakes made while proceeding without counsel.

The Second Circuit recognizes that pro se litigants are generally entitled to special solicitude, although pro se status does not excuse frivolous or vexatious filings. *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 715 (2d Cir. 2019). That distinction is important here. Plaintiff does not argue that her pro se status excuses compliance with court rules. Instead, Plaintiff submits that her self-

representation provides relevant context for procedural mistakes and demonstrates why those mistakes should not automatically be treated as intentional abuse of the judicial process.

Plaintiff's history demonstrates an effort to advocate for legal interests while navigating litigation without consistent assistance of counsel. Her pro se status therefore does not establish that she is likely to continue abusing the judicial process or harassing other parties.

Accordingly, the third *Safir* factor does not support imposing a filing injunction.

**IV. PLAINTIFF'S LITIGATION DOES NOT ESTABLISH A CONTINUING RISK OF NEEDLESS BURDEN ON THE COURT OR OTHER PARTIES.**

The fourth *Safir* factor considers whether Plaintiff has caused needless expense to other parties or imposed an unnecessary burden on the courts and court personnel. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Plaintiff respectfully submits that her litigation does not establish the type of continuing and unnecessary burden that warrants a filing injunction.

Plaintiff acknowledges that litigation necessarily requires the time and resources of courts and opposing parties. That burden, however, is inherent in the judicial process and is different from the needless burden created by litigation pursued for purposes of harassment or abuse. Plaintiff has pursued her cases because she believed that she had legitimate legal claims requiring judicial resolution.

Plaintiff has also assumed much of the burden of her litigation herself. Proceeding pro se, Plaintiff conducts her own legal research, prepares her own pleadings, reviews filings, and performs many of the functions that would ordinarily be performed by an attorney or paralegal. Her inability to consistently obtain counsel has required her to learn and perform these tasks independently. Plaintiff's use of the courts has therefore been an effort to pursue legal remedies available to her, rather than an effort to impose unnecessary expense on others.

The circumstances here are distinguishable from cases involving demonstrated abuse of judicial resources. In *In re Martin-Trigona*, the Second Circuit upheld filing restrictions where the litigant had filed more than 250 matters and had used litigation to harass parties, attorneys, court personnel, and even individuals associated with them. 737 F.2d 1254, 1259–63 (2d Cir. 1984). The court found a demonstrated pattern of litigation that diverted substantial judicial resources and

imposed needless expense on others. *Id.* Plaintiff respectfully submits that her litigation history does not demonstrate comparable conduct.

Plaintiff has not pursued litigation for the purpose of targeting court personnel, opposing counsel, or unrelated individuals. Nor does Plaintiff intend to use litigation as a means of harassment. Where Plaintiff believes that a person or entity has violated her legal rights, she has sought judicial relief because courts provide the lawful forum for resolving such disputes.

Most importantly, the Court must consider whether there is a continuing risk of unnecessary burden. Plaintiff's increasing legal education and litigation experience have improved her ability to identify the proper claims, procedures, and forums before filing. Plaintiff also understands from the Court's July 31, 2026 Order the particular concern created by duplicative filings and intends to avoid filing actions that merely seek to relitigate claims that have already been finally resolved.

Accordingly, Plaintiff's litigation history does not establish a continuing likelihood that she will impose needless expense on other parties or an unnecessary burden on the Court. The fourth *Safir* factor therefore does not support the proposed filing injunction.

**V. LESS RESTRICTIVE MEASURES ARE AVAILABLE TO ADDRESS THE COURT'S CONCERNS.**

The fifth Safir factor considers whether other measures would adequately protect the courts and other parties. Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). Plaintiff respectfully submits that less restrictive measures are available and should be considered before requiring Plaintiff to obtain permission before commencing future actions.

The Court's July 31, 2026 Order itself provides an appropriate first measure. Plaintiff has now received direct notice that the Court considers duplicative, repetitive, or vexatious litigation serious enough to potentially result in filing restrictions. Plaintiff understands that warning and has had the opportunity to evaluate and correct the litigation practices identified by the Court.

A warning followed by an opportunity to demonstrate compliance is particularly appropriate here because Plaintiff's legal knowledge has continued to develop. Plaintiff does not intend to relitigate finally resolved claims merely because she disagrees with an outcome. When

reconsideration or appellate review is the proper remedy, Plaintiff understands that those procedures should be used rather than commencing a duplicative action.

The circumstances are also distinguishable from Safir. There, other measures had already proven ineffective. The litigant had pursued substantially the same dispute for approximately twenty years, and costs and attorney's fees had already been assessed against him but remained unpaid. Id. at 24. The Second Circuit relied on that history in concluding that other sanctions would be ineffective. Plaintiff respectfully submits that the record here does not establish that comparable, less restrictive measures have first been attempted and failed.

The Court therefore has an alternative to immediately imposing a prospective filing injunction: it may treat the present Order as a clear warning and permit Plaintiff to demonstrate future compliance. If Plaintiff later engages in conduct that satisfies the Safir standard despite that warning, the Court retains authority to consider appropriate restrictions at that time.

Accordingly, less restrictive measures remain available to protect the Court and other parties. The fifth Safir factor therefore weighs against imposing a filing injunction at this time.

**VI. The *Safir* Factors Do Not Support a Filing Injunction.**

Considered together, the *Safir* factors do not establish that Plaintiff is likely to continue abusing the judicial process or harassing other parties. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Plaintiff therefore respectfully submits that the proposed filing injunction is not warranted.

Plaintiff recognizes that she has pursued numerous legal matters and that she has made mistakes while learning to navigate litigation without consistent representation. But Plaintiff's litigation has not been based upon fabricated events. Plaintiff has not invented factual disputes, exaggerated events for the purpose of creating lawsuits, or commenced actions simply because she wanted to burden defendants or the Court. The underlying events occurred, and Plaintiff pursued legal claims because, based upon her understanding of the facts and law, she believed those events gave rise to legally cognizable claims.

Plaintiff has also done the best she could with the legal and financial resources available to her. Plaintiff has attempted to obtain representation in Vermont, but her experiences with prior counsel caused her to lose confidence that those attorneys were adequately protecting her legal

interests. As a result, Plaintiff has frequently been required to act as her own legal researcher, drafter, and advocate. Her undergraduate legal education and current graduate legal studies have assisted her in performing those responsibilities, but they have also been part of an ongoing learning process.

That history may explain procedural mistakes, unsuccessful claims, or imperfect filings. It does not establish abuse. Nor does the fact that opposing parties or courts disagree with Plaintiff's legal theories establish that Plaintiff acted for an improper purpose. Plaintiff has pursued claims because she believed she was entitled to seek legal redress for actual events that occurred to her. A claim may ultimately succeed or fail; the existence of an adverse ruling does not, standing alone, transform Plaintiff's effort to obtain judicial relief into vexatious conduct.

The five *Safir* factors, considered together, therefore do not demonstrate the continuing threat necessary to justify a prospective restriction. Plaintiff's litigation history does not establish an intent to abuse the courts; Plaintiff pursued her claims with a good-faith expectation of obtaining relief; her pro se status reflects, in part, unsuccessful efforts to obtain satisfactory representation; the record does not establish that she presents a continuing risk of needless burden; and less restrictive measures remain available.

Most importantly, *Safir* directs the Court to consider ultimately whether a litigant is likely to continue abusing the judicial process and harassing other parties. *Id.* Plaintiff respectfully submits that the answer here is no. Plaintiff understands the concerns expressed in the Court's Order and intends to apply her developing legal knowledge to avoid duplicative litigation, use the proper procedural mechanisms for reconsideration and appellate review, and comply with the Federal Rules and orders of this Court.

Plaintiff is not asking the Court to conclude that every legal argument she has made was correct or that every action she has filed should have succeeded. She asks only that the Court distinguish between a self-represented litigant who has made mistakes while persistently attempting to vindicate what she genuinely believes are her legal rights and a litigant who uses the judicial system as an instrument of harassment or abuse. The record does not establish that Plaintiff falls into the latter category.

Accordingly, because the *Safir* factors do not establish that Plaintiff is likely to continue abusing the judicial process or harassing other parties, Plaintiff respectfully requests that the Court decline to impose the proposed filing injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Keren Sita respectfully requests that this Court:

1. Find that Plaintiff has adequately responded to the Court's July 31, 2026 Order to Show Cause;
2. Find that, considering the factors set forth in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986), a prospective filing injunction is not warranted;
3. Decline to impose an injunction requiring Plaintiff to obtain prior leave of Court before commencing future actions in this District; and
4. Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

DATED: August 31, 2026

**Keren Sita**
Plaintiff. Pro Se