U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 29 PM 3:33

CLERK

BY KP
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| KEREN SITA<br>Plaintiff,<br><br>v.<br><br>CHAMPLAIN HOUSING TRUST,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-00193 |

**ORDER ENTERING A FILING INJUNCTION AND DISMISSING ACTION**
(Doc. 5)

On June 9, 2026, Plaintiff Keren Sita, a Vermont resident representing herself, sought to bring an action concerning her allegedly abrupt removal from state-supported transitional housing. (Doc. 1-4.) On July 31, 2026, the court issued an Order to Show Cause ("OSC"). (Doc. 5.) The Order required Plaintiff to show cause as to why the court should not impose an injunction prohibiting Plaintiff from commencing further actions in this court without obtaining prior leave from the court. (*Id.*) The court also denied Plaintiff's application to proceed *in forma pauperis* ("IFP") without prejudice. (Doc. 6.) Plaintiff was granted thirty days to respond to the OSC and to refile for IFP. (Doc. 5, 6). Plaintiff responded to the OSC on August 31, 2026. (Doc. 7.) Plaintiff has not refiled for IFP.

For the reasons detailed below, Plaintiff is hereby ENJOINED from filing any new actions in this court without obtaining prior leave, and this case is DISMISSED.

**<u>Facts</u>**

The OSC summarized Plaintiff's extensive litigation history, explaining that Plaintiff had filed more than fifty actions in this and other courts in less than four years and concluding that six of the eight actions Plaintiff recently filed in this court were duplicative of earlier actions. (Doc. 5.) The OSC also outlined that Plaintiff has yet to be successful in any case and analyzed the

factors to be considered when determining whether to enter a filing injunction. (*Id.*) The court reasoned that a filing injunction appeared to be an appropriate sanction and gave Plaintiff thirty days to explain why such an injunction should not issue. (*Id.*)

In her response, Plaintiff repeatedly invoked her self-represented status, insisted her intention had never been to harass or burden other parties or the judiciary, and argued that the relevant factors weighed against the imposition of a filing injunction. (Doc. 7.) Plaintiff represented that in the future she would take greater care when determining whether to initiate a new action and promised not to "commence new actions merely because she disagrees with the disposition of an earlier action." (*Id.* at 2.) She explained that "now [that she has] received an express warning from this [c]ourt identifying the particular litigation practices that the [c]ourt believes may warrant prospective restrictions[,]" Plaintiff understands what she is not to do and will "modify her conduct accordingly[.]" (*Id.* at 2–3.)

**<u>Legal Conclusions and Analysis</u>**

**I. Order to Show Cause**

To protect the public and the efficient administration of justice, "the court may prohibit an individual from filing new actions in the venue when he or she abuses the process of the courts to harass and annoy others with meritless, frivolous, vexatious, or repetitive filings." *Clervrain v. Clouser*, No. 5:22-cv-90, 2022 WL 1422188, at *2 (D. Vt. May 5, 2022) (citation modified) (citation omitted). In the face of "multiplicitous" or "baseless" litigation, a "district court not only may but should protect its ability to carry out its constitutional functions[.]" *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (quotation marks and citation omitted). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

While the court appreciates Plaintiff's sentiments, she has not been without notice that her filings have been meritless, vexatious, repetitive, or frivolous. Plaintiff has been warned at least twice that the filing of repetitive actions may result in the issuance of a prefiling injunction. In *Sita v. Shagam*, No. 25-cv-01513, 2025 WL 2427879 (Vt. Super. Ct. Aug. 12, 2025), Plaintiff admitted in her Complaint that "[a] prior version of this case was dismissed with prejudice." *Sita v. Shagam*, No. 25-cv-01513, Compl. 2 (Vt. Super. Ct. April 4, 2025). In the order dismissing that action, the state court warned Plaintiff that any future lawsuits brought against the same defendants related to the same subject matter "will likely result in appropriate sanctions, including but not limited to a prefiling injunction[.]" *Shagam*, 2025 WL 2427879 at *4. In *Sita v. U.S. Department of Housing & Urban Development*, No. 2:25-cv-256, 2025 WL 3539118 (D. Vt. Dec. 10, 2025), this court dismissed the action, noting it was repetitive of an earlier action and warning Plaintiff that "a third case concerning the same events . . . may result in the issuance of a filing injunction." *U.S. Dep't of Hous. & Urb. Dev.*, 2025 WL 3539118 at *5.

Despite these warnings, Plaintiff continued to file repetitive actions. On March 18, 2026, Plaintiff filed an action in the District Court for the Northern District of Illinois claiming that her public image had been misappropriated by a professional rugby player, which was dismissed the following day as frivolous. *See Sita v. Maher*, No. 1:26-cv-03043, Compl., Dkt. No. 1 (N.D. Ill. Mar. 18, 2026); *Sita v. Maher*, No. 1:26-cv-03043, Order, Dkt. No. 4 (N.D. Ill. Mar. 19, 2026). Plaintiff filed a substantially similar action in this court two months later. *See Sita v. Maher*, No. 2:26-cv-00178, Compl., Dkt. No.1-4 (D. Vt. May 26, 2026).

Additionally, Plaintiff has a history of non-compliance with court orders relating to the discovery process. On April 8, 2026, a state court action Plaintiff filed was dismissed as a discovery sanction in part because that court found she had "acted in bad faith and deliberate and

willful disregard for the court's orders" and had "repeatedly shown callous disregard of the responsibilities she owes to the court and to her opponent." *See Sita v. Champlain Hous. Tr.*, No. 24-cv-04814, Entry Regarding Mot. 1 (Vt. Super. Ct. Feb. 24, 2026) (citation modified) (citation omitted). In sum, it did not appear that Plaintiff intended to take part in the litigation process once the Complaint was filed.

In view of the foregoing, the court sees no alternative but to bar Plaintiff from filing any new actions without first obtaining leave from the court. Accordingly, if Plaintiff wishes to commence an action in this court in the future, she must file a motion for leave to file with her proposed complaint. The motion will be reviewed by the court, and if it appears that the proposed action is repetitive, meritless, frivolous, malicious, intended to harass, or otherwise barred, leave to file will be denied.

**II. *In Forma Pauperis* Application**

On July 31, 2026, Plaintiff's IFP application was denied because it was contradictory, incomplete, and insufficient to establish an entitlement to proceed IFP. (Doc. 6.) Plaintiff was allowed thirty days to refile a revised IFP application and warned that if she failed to do so, her action would be dismissed. (*Id.*) Over thirty days have passed, and Plaintiff has not refiled for IFP. Plaintiff's action is thus DISMISSED.

## CONCLUSION

For the reasons set forth above, Plaintiff is hereby ENJOINED from filing any new actions in this court without obtaining prior leave from the court. Plaintiff's action is DISMISSED.

Dated at Rutland, in the District of Vermont, this 29th day of September 2026.

Mary Kay Lanthier
United States District Judge